IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Dr. VIRGLE W. McEVER, III,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:19-cv-00394-TES** |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE**

Before the Court is Defendant's Motion In Limine to Limit Testimony of Plaintiff's Treating Physicians [Doc. 21]. The Court held a conference in this action on September 14, 2021, wherein it discussed pending pretrial matters (such as this Motion) and set a date for trial. Following the conference, the Court considered both parties' arguments on the Motion, and for the reasons discussed below, now **DENIES** Defendant's Motion In Limine to Limit Testimony of Plaintiff's Treating Physicians [Doc. 21].

**BACKGROUND**

Plaintiff, a general surgeon, sustained an injury to his right hand following a slip-and-fall incident in March 2011. [Doc. 1, ¶ 3]. Plaintiff underwent surgery for his injury in September 2011, and soon thereafter, retired from the practice of medicine. [Doc. 21-

1, p. 2]. Plaintiff maintains that he is physically unable to perform the duties of a general surgeon. [Doc. 1, ¶ 4]. As a result of his injury/disability, Plaintiff submitted a claim to Defendant (his insurance provider) to recover "total disability" benefits under the terms of five income insurance policies. *See generally* [Doc. 1]; [Doc. 9, pp. 1–2]. In December 2012, Defendant agreed that Plaintiff was "totally disabled" as defined under the relevant policy terms, and thereafter, paid him the benefits he was entitled to receive. [Doc. 1, ¶ 6]. Defendant also waived the premiums for three separate life insurance policies that Plaintiff held. [*Id.*].

However, in late 2014, Defendant uncovered information that caused it to believe that Plaintiff was not totally disabled, and therefore, not entitled to receive the full extent of disability benefits under its policies. [*Id.* at ¶ 7]. Defendant then discontinued its payments following Plaintiff's sixty-fifth birthday and ceased the waivers of benefits for his life insurance policies. [*Id.*].

Plaintiff filed suit to recover the payments he believes he was owed (and wrongfully denied) under the terms of five insurance policies and three life insurance policies issued by Defendant. *See generally* [Doc. 1]. Plaintiff contends that he has remained "totally disabled" within the meaning of the relevant insurance policies since September 2011 and deserves the appropriate benefit payments under such a diagnosis. [Doc. 1]; [Doc. 22].

On October 15, 2019, the Court entered a Scheduling Order in this action, which set forth the deadline for Plaintiff to disclose testifying expert witnesses for February 13, 2020. [Doc. 9]. On January 2, 2020, Plaintiff disclosed to Plaintiff (via a response to a set of interrogatories) the names of his two treating physicians—Drs. J.W. Spivey and Thomas L. Dopson—who would testify as non-retained expert witnesses at trial. [Doc. 22, pp. 1–2]. Both parties attended the deposition of Dr. Thomas L. Dopson on May 26, 2021. [*Id.* at p. 7]. Discovery in this action closed June 15, 2021. [Doc. 17]. Nearly three months later, Defendant moved to limit the testimony of Plaintiff's treating physicians on the ground that Plaintiff failed to comply with disclosure requirements for opinion testimony by treating physicians as set forth under Federal Rule of Civil Procedure 26(a)(2). [Doc. 21].

## **DISCUSSION**

Defendant moves the Court to limit the trial testimony of Plaintiff's treating physicians, Drs. J.W. Spivey and Thomas L. Dopson, to their examination and treatment of Plaintiff following his surgery. Specifically, Defendant argues that neither treating physician should be permitted to opine as to the existence or extent of Plaintiff's alleged disability on the ground that Plaintiff failed to comply with disclosure requirements for witness testimony under Federal Rule of Civil Procedure 26(a)(2).

It is a requirement that "[a] party . . . disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703,

or 705." Fed. R. Civ. P. 26(a)(2)(A). In this action, Drs. J.W. Spivey and Thomas L. Dopson are non-retained expert witnesses. Therefore, their identities needed to have been properly disclosed. Additionally, since these physicians are non-retained experts, Plaintiff needed to have produced a detailed disclosure report that includes: "(i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Regarding the requirements set forth in these Rules, Defendant contends that Plaintiff failed to provide any formal Rule 26(a)(2) disclosure reports on the expected testimony of his treating physicians. Rather, Defendant argues that it learned of Plaintiff's intentions to call Drs. J.W. Spivey and Thomas L. Dopson as non-retained expert witnesses through Plaintiff's responses to its interrogatories. Relatedly, Defendant finds Plaintiff's responses (which the Court construes as his disclosure reports for purposes of ruling on this Motion) woefully deficient under Fed. R. Civ. P. 26(a)(2)(C), in part because they "lacked *any* statements of proposed expert opinions." [Doc. 21-1, p. 7]. Therefore, Defendant argues that there was no "meaningful information to support the apparently anticipated testimony . . . that [Plaintiff] was continuously disabled[]"so that he was entitled to disability payments under the relevant insurance policies. [Doc. 24, p. 3]. As a result of Plaintiff's noncompliance, Defendant moves the Court to impose sanctions under Federal Rule of Civil Procedure

37(c)(1) and exclude any opinion testimony on the existence and/or extent of Plaintiff's alleged disability. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Defendant's Motion (and its requests therein) require the Court to review the sufficiency of Plaintiff's disclosure reports for Drs. J.W. Spivey and Thomas L. Dopson. To start, Plaintiff disclosed to Defendant the identities of these non-retained witnesses on January 2, 2020. However, merely disclosing the identities of these witnesses is not sufficient to relieve Plaintiff of his other disclosure obligations under Rule 26(a)(2). *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (noting that a party's disclosure of an expert witness's name was not sufficient to discharge him of his other disclosure obligations under the federal rules). Plaintiff was required to provide a disclosure report on Drs. J.W. Spivey and Thomas L. Dopson that contained summaries of the facts and opinions to which they were expected to testify at trial. And, as the record shows, Plaintiff provided Defendant with no such thing.

Instead, in a manner inconsistent with formal disclosure requirements, Plaintiff provided Defendant with his medical records and then directed defense counsel to review a subset of pages that he asserts "gave Defendant more than adequate notice of the subject matter, facts and opinions as to which Dr. Spivey and Dr. Dopson are

expected to testify." [Doc. 22, p. 5]. But the mere submission of medical records, in lieu of a summary, is simply not allowed under the Federal Rules. And it is this way for a reason. *See Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) ("Allowing medical records to be submitted in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a summary."); *see also Carrillo v. B&J Andrews Enters., LLC*, No. 2:11-cv-1450-RCJ-CWH, 2013 WL 394207 (D. Nev. Jan. 29, 2013) ("While medical records undoubtedly touch on the subject matter of a treating physician's testimony, they do not necessarily provide an accurate or complete summary of expected testimony since medical records are not typically created in anticipation that those records would be used as a witness disclosure."). The Court concludes that Plaintiff's disclosure reports were clearly insufficient to satisfy the standard set forth in Rule 26(a)(2)(C).

Having reached this conclusion, the Court must now determine the appropriate sanction given Plaintiff's Rule 26 violation. Despite Defendant's argument to the contrary, the appropriate sanction, at least in this action, is not the automatic exclusion of the treating physicians' testimonies regarding the existence and/or extent of Plaintiff's alleged disability.

Federal Rule of Civil Procedure 37(c)(1) states that "if a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed

6

to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Therefore, under the language of the Rule, a court does not have to impose such a sanction if it believes the failure was substantially justified or harmless.

"In the past, other judges . . . have applied a five-factor test when determining whether an insufficient disclosure is harmless." *Rangel v. Anderson*, 202 F.Supp.3d 1361, 1366 (S.D. Ga. 2016) (quoting *Kondragunta*, 2013 WL 1189493, at *7). Such factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Rangel*, 202 F.Supp.3d at 1366 (citing *Cambridge Univ. Press v. Becker*, 1:08-cv-1425-ODE, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010)).

The Court considers the first three factors together. As an initial point, it should come as no surprise to Defendant that Plaintiff intended to call his treating physicians at trial to discuss the existence and/or extent of his alleged disability. Since the start of this litigation, the parties have noted that one of the legal issues to be tried in this case is whether Plaintiff is totally disabled under the terms of the relevant insurance policies. *See* [Doc. 9]. And, in January 2020, Plaintiff disclosed to Defendant the names of his treating physicians as non-retained expert witnesses along with their written reports

7

regarding their opinions on any suspected disability. Furthermore, Defendant had the opportunity to depose these witnesses. In fact, on May 26, 2021, Defendant attended the deposition of Dr. Dopson. Yet, despite all of this, Defendant waited until after the close of discovery to voice his issue with Plaintiff's disclosure of these non-retained witnesses.[1]

It is clear that Plaintiff did not provide Defendant with proper Rule 26(a)(2)(C) disclosure reports for Drs. Spivey and Dopson. However, it is also clear that Defendant had ample time to address Plaintiff's non-compliance before discovery expired and simply chose not to. In similar cases, wherein a plaintiff failed to comply with witness disclosure requirements for treating physicians and the defendant waited until after discovery ended to first mention the non-compliance, district courts have placed significant weight on that party's failure to timely act. *See Kroll v. Carnival Corp.*, No. 19-23017-CIV-GOODMAN, 2020 WL 4926423 (S.D. Fla. Aug. 20, 2020) (holding that defendant's "decision to withhold its dissatisfaction from the Court [about plaintiff's disclosure reports] until after the expert discovery deadline expired has . . . evolved into a substantial factor precluding an order striking the witnesses[]"); *Kondragunta*, 2013 WL 1189493, at *7–8 (noting that defendants could have easily sought court intervention prior to discovery deadline to resolve plaintiff's non-compliance with disclosure

---

[1] Discovery closed December 22, 2020. [Doc. 15]. Defendant moved to reopen discovery until June 15, 2021, for the limited purpose of allowing the parties to depose witnesses, which the Court granted [Doc. 16]; [Doc. 17]. Plaintiff filed the instant Motion three months later on September 9, 2021. [Doc. 21].

8

requirements, "but instead laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony[]"); *Torres v. First Transit, Inc.*, No. 17-cv-81162-BLOOM/Reinhart, 2018 WL 3729553, at *2–3 (S.D. Fla. Aug. 6, 2018) (concluding that the defendant's failure to raise sufficiency of the disclosure reports for the plaintiff's treating physicians until after discovery closed prevented the defendant from moving to strike the witnesses at trial). Similarly, in this action, Defendant learned the names of Plaintiff's treating physicians and received written reports by these physicians as to their treatment and examination of Plaintiff in January 2020. And only now, more than twenty-one months later (and three months after the close of discovery) Defendant requests relief from the Court for Plaintiff's deficient disclosure reports. Such a request comes too little, too late.

"Neither party's behavior in this case has been exemplary." *Whitmore v. Fed. Express Corp.*, No. 16-cv-80589, 2017 WL 11537385, at *2 (S.D. Fla. Jan. 5, 2017).[2] However, the appropriate relief is not the exclusion of testimony as to the existence and/or extent of Plaintiff's alleged disability—an important legal issue in this action. Once again, the Court must consider the importance of the evidence that Defendant

---

[2] In *Whitmore v. Federal Express Corporation*, the plaintiff failed to comply with Rule 26 witness disclosure requirements, but the defendant only raised its dissatisfaction (via a motion to strike the plaintiff's witnesses) with the disclosure reports after discovery expired. No. 16-cv-80589, 2017 WL 11537385 (S.D. Fla. Jan. 5, 2017). The district court noted that both parties' behaviors had been less than desirable but ultimately concluded that the appropriate remedy was not the striking of any witness testimony. *Id.* at *2. Instead, the district court reopened discovery to allow the defendant an opportunity to depose the witnesses. *Id.*

seeks to exclude. As noted earlier, one of the main legal issues in this action concerns whether Plaintiff is disabled, and if he is, then the extent of that disability. *See* [Doc. 9]. Therefore, testimony from Plaintiff's treating physicians on this very issue seems incredibly important. In fact, without such testimony, it would be undoubtedly difficult for Plaintiff to establish a solid foundation for which to present his case.

Upon consideration of the factors discussed above, the Court concludes that it would be inappropriate to exclude testimony from Plaintiff's treating physicians on the existence and/or extent of his disability. Instead, the Court will allow Defendant the opportunity to depose Drs. Spivey and Dopson.

## CONCLUSON

The Court **DENIES** Defendant's Motion In Limine to Limit Testimony of Plaintiff's Treating Physicians [Doc. 21]. However, the Court will allow Defendant the opportunity to depose Drs. Spivey and Dopson. Should Defendant decide to take advantage of this opportunity, its counsel has until December 31, 2021 to conduct these depositions.

**SO ORDERED**, this 3rd day of November, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**