Northwestern Mutual®

PATRICIA WOTNOSKE
Disability Benefits Specialist
Disability Benefits Division
Disability Income Department
1-800-748-9493, Ext. 6613149

March 31, 2014

Dr. Virgle W. Mc Ever III
107 Hickory Ln
Bonaire GA 31005

Re: Virgle W. Mc Ever III
D573004 D647265 D706948 D753342 D884910 11398624 12744823 13235585

Dear Dr. Mc Ever:

As you know, we have been reviewing your file to determine whether or not you qualify for ongoing total disability benefits under the terms of your policies. Following our thorough review of the information collected, we are unable to conclude that you are totally disabled as defined by your contracts. However, we have concluded that you would meet the contractual requirements for partial disability. Please allow me to explain.

**Definitions of Disability**

By way of background, your policies include the following definitions of Total and Partial Disability. For a complete understanding of your policy provisions, including their benefits and limitations, please refer to the policies themselves.

Total Disability is defined in relevant part as: Until the end of the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation.

Partial Disability is defined as: The Insured is partially disabled when he is unable to perform one or more of the principal duties of his occupation; or to spend as much time at his occupation as he did before the disability started; and he has at least a 20% Loss of Earned Income.

**Occupational Duties**

When determining if an insured is totally or partially disabled from his occupation, we must determine whether he can perform the principal duties which existed prior to when the disability began. You have reported that your pre-disability duties as a general surgeon were 85% in the operating room, 10% non surgical office practice, and 5% pre and post op rounds. You indicated that you generally worked 12 hours per day and 60 hours per week.

For claim purposes, we have established that your only principal duty was surgery. We have established that your disability began September 28, 2011.

**Field Benefit Consultant Interview**

You met with our Field Benefit Consultant, Mr. Jerome Bonney, for an in-person interview on June 28, 2012. You greeted him with a firm, right-handed hand shake. You reported that you



JOINT EXHIBIT J-07

NM-000966

CONFIDENTIAL: Do not re-disclose or reproduce without prior written consent from Northwestern Mutual - Date 09/06/2019

stopped wearing your splint continuously around March 2012, but that you wear your splint typically if you are doing something requiring lifting, picking up items such as limbs in the yard, weeding the garden, or traveling. You stated that you try to avoid doing activities that will cause pain. You reported that you did not feel you needed formal physical therapy, although your surgeon, Dr. James Spivey, suggested it. You were doing some home exercises, but due to pain and swelling, you discontinued them. Pain and reduced range of motion are your most limiting symptoms. You reported difficulty grasping with your right hand, especially items weighing more than approximately a small glass of water, and that holding a plate full of food with your right hand causes acute pain along the length of your thumb to your wrist. You reported decreased range of motion, decreased dexterity, and reduced grip strength. You are able to take photographs and drive using your affected hand. However you stated you do not have the strength, dexterity, or range of motion to perform surgery, nor would you be able to use your splint during surgeries.

**Independent Verification of Activities**

We have independently observed and documented your activities over the course of several days. We observed and documented you using your right hand in an unrestricted manner and without signs of pain avoidance behaviors for various activities including opening and closing the door of your car, opening building doors, and pumping gas. You performed these activities without evidence of limitation or indication that you experienced pain during the activity. We did not observe you wearing your splint at any time during our observation period. Your activities demonstrate that you are able to use your right hand in an unrestricted manner, despite any symptoms that you may be experiencing.

**Medical Review**

We have reviewed your medical records which we collected from Dr. James Spivey and Dr. Thomas Dopson. In addition, on October 25, 2012, at our request, you participated in an evaluative medical examination by board certified hand surgeon Dr. Craig Weil. Dr. Weil reported that your exam findings did not coincide with the physical findings. He said that your functional limitations did not appear to be substantial, and he suggested that a Functional Capacity Evaluation (FCE) may be helpful, which you attended on April 25, 2013, at Macon Occupational Medicine with physical therapist Marilyn Jasper. We had Dr. Weil review the FCE results and our independent verification of your activities. He noted that you appeared to be driving, opening and closing doors, and doing day to day activities in a normal fashion with no detectable lack of use of either extremity. He is of the opinion that you could perform the majority of the duties of a general surgeon.

We have also submitted your medical records, together with Dr. Weil's reports, the FCE results, and the independent verification of your activities to a board certified hand surgeon for additional review. He noted from his observation of your activities that you showed absolutely no pain avoidance in terms of use of your hand. He found that your overall grip and pinch strengths are within limits that would allow you to use surgical instruments. While the FCE does not indicate what your endurance level would be, he does believe it reasonable to assume that you could do 50% of your surgeries. He also commented that it is very inconsistent with your surgery, which was done on the radial aspect of your wrist, and your subjective complaints, that you could not perceive two-point discrimination in your thumb. He told us that this is anatomically impossible, and if you were unable to perceive sensation, you would not be doing



CONFIDENTIAL: Do not re-disclose or reproduce without prior written consent from Northwestern Mutual - Date 09/06/2019

the things easily with your right hand that we observed such as using your keys, pumping gas, etc.

He also commented that your grip strengths showed a very flat line instead of a bell-shaped curve, which is usually a significant indicator of a lack of effort. Dr. Dopson's records indicate that at one visit your pinch strength was zero which the reviewing physician indicates would only be possible if you were in excruciating pain. His opinion of the FCE was that you showed low effort, and he saw nothing that would prevent a motivated person from using that hand for most activities.

We have also had our consulting physiatrist review all of the records and reports as well as the surveillance. He has opined that DeQuervain's tenosynovitis improves in 95% of the cases with conservative management which would include injecting the extensor tendons of the thumb. Those 5% that go on to surgery likewise experience complete resolution of their symptoms in 95% of the surgical cases. Therefore, it is his opinion that your failure to experience a complete resolution of your symptoms is very unusual and is outside the norm. In addition, he opines that chronic extensor tendonitis of the dominant right hand would affect all of your activities of daily living as well as all of your recreational activities including driving, gardening, or any other activity that requires the use of your right hand.

**Conclusion**

Based upon our thorough review of all of the information obtained during our investigation, including the medical records and opinions, we are unable to conclude that you are totally disabled from engaging in your occupation as a general surgeon. The findings of those reviews, the evaluative medical examination, functional capacity evaluation, and independent verification of your activities have not established that your symptoms rise to a level that would totally preclude you from performing your principal duty, surgery. However, we have determined that it is reasonable that as a result of your medical condition you may be unable to perform some of the surgeries that you previously performed, or you may be unable to work the same amount of hours as you previously worked. Therefore, based on our review, we have concluded that you meet the definition of Partial Disability, but not Total Disability.

**Lifetime Benefit Provision**

Your policies have the Lifetime Benefit provision. This provision extends the length of time you are eligible for monthly disability benefits to your lifetime if specific criteria is met. The criteria for the Lifetime Benefit provision is as follows:

- you must be considered totally disabled on the policy anniversary date following your 60th birthday; AND

- your period of total disability must continue beyond the policy anniversary following your 65th birthday.



CONFIDENTIAL: Do not re-disclose or reproduce without prior written consent from Northwestern Mutual - Date 09/06/2019

The policy anniversary dates following your 60th birthday are as follows:

| | |
|---|---|
| D573004 | December 30, 2013 |
| D647265 | January 22, 2014 |
| D706948 | November 12, 2013 |
| D753342 | June 12, 2014 |
| D884910 | March 18, 2014 |

As stated above, ongoing benefits are currently being paid under the Partial Disability provision of your policies as we find that you are able to perform some, but not all, of the surgeries you had performed prior to the onset date of disability. Therefore, Lifetime Benefits for all policies except D753342 will not be payable; instead, the longest that benefits can be payable for these policies is to the policy anniversaries following your 65th birthday - provided you continue to provide ongoing proof of disability. If you become totally disabled prior to June 12, 2014, you may be eligible for Lifetime Benefits under policy D753342 if your total disability continues beyond the policy anniversary following your 65th birthday.

Please refer to the Lifetime Benefit provision of your policy for further information. Feel free to contact me should you have any questions.

**Life Waiver of Premium**

The Waiver of Premium Benefit on your life insurance policies applies if you are totally disabled for at least six months. Total disability is one which prevents you from engaging in an occupation. During the first 24 months of total disability, an occupation is defined as the occupation you had at the time disability began. After 24 months, an occupation is defined as one for which you are qualified by education, training or experience.

Unfortunately, because the medical supports only partial limitations in your ability to perform your principal job duty, surgery, you are no longer eligible for premiums to be waived for policies 11398624, 12744823, and 13235585. Therefore, premium billing will resume as follows:

| | |
|---|---|
| 11398624 | July 11, 2014 |
| 12744823 | November 22, 2014 |
| 13235585 | February 22, 2015 |

**Closing**

If you disagree with these decisions and want to appeal them, please submit within 30 days any information or documentation that you would like us to consider and that you believe supports your position.

Sincerely,

*Patricia Wotnoske*

Patricia Wotnoske



CONFIDENTIAL: Do not re-disclose or reproduce without prior written consent from Northwestern Mutual - Date 09/06/2019