# SW Dr. McEver regarding 3-31 letter and claim status

| | | | |
|---|---|---|---|
| **Author** | Wotnoske, Patricia | **Date Attached** | 04/04/2014 |
| **Primary Category** | Claim Status | **Type** | Phone Memo |
| **Spoke To** | Dr. M | | |
| **Phone Number** | (478) 922- 922 | | |
| **Message** | Message from Dr. McEver. Would like call back. ends message Phoned Dr. McEver. He got my 3/31 letter and is disappointed. Not because of what the letter says, but because he believes I've known this was the outcome for several months. I explained that since he was continuing to request total limitations from his occ duties we wanted to make sure we reviewed all possible information because we were not finding support for TD limitations in the information we were able to collect. He said again that he's so disappointed; he's let his surgical certificate expire, he's collecting SSD which has limits on how much he an earn, he's been out of the game for so long now...he says I've put him in a very difficult position to have to try and recreate himself. I clarified that I don't make decisions on whether or not he should get a job, and in fact, his policies are such that he does not have to be gainfully employed to qualify for PD benefits. Therefore while he is not earning a wage, he could still qualify for 100% of his benefit amount. He says he feels I knew this was the decision 6 mos ago. I clarified that I was unable to make a decsion until recently because we continued to gather information. He will be talking to Paul about his insurance policies since it's an exorbitant amount of money. He states that I am not even considering the liability aspect of his returning to surgery. He says he's been up front with me all along and shaking someone's hand and doing surgery are two different things. He repeated what he said earlier, that he's disappointed not in our outcome but that he feels this was the outcome 6 mos ago and had he known then he would not have let his surgery certificate expire. I again repeated that it's not my decision whether he works or not; I'm not saying he must return to work to collect a benefit. His policy does not require it. And again, our review was not finding evidence that he is completely unable to do all of his predisability duties or to spend as much time at it. In fact, some of our review found no limitations at all, however we wanted to make sure we had a very good understanding of his condition and we made the best decision based on the information collected and the policies definitions of disability. He says he asked me for a copy of his FCE months ago and I never sent it to him. I said I don't recall him asking for it, but we don't release that information. It's a tool we use to assist in our decisions and we do not release that back to the insured. He said again he's disapointed. I reminded him that he has the right to appeal our decision should he choose. He said he's not going to fight our decision, he is just disappointed in the timing. He asked if he's now going to be required to pay his DI premiums. No, but he will be required to pay his Life WP because they are only waived under TD. He understands. He says he will collect benefits until age 65. Yes. He thanked me for returning his call, and our call ended. | | |
| **Communication Mode** | | **Document Status** | Completed |
| **Significant** | No | **Additional Categories** | |
| **Medical Sub Category** | | **Additional Medical Sub Categories** | |

DEFENDANT'S EXHIBIT D-12

NM-002278

CONFIDENTIAL: Do not re-disclose or reproduce without prior written consent from Northwestern Mutual - Date 09/06/2019